Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000394
30-MAY-2014
08:21 AM

NO. CAAP-13-0000394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
HUNTER EDWIN PARKER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-12-03875)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Ginoza, JJ.)

Defendant-Appellant Hunter Edwin Parker (Parker) appeals from the Judgment entered on December 18, 2012,[1] in the District Court of the First Circuit (District Court).[2] Parker was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (a)(3) (Supp. 2013).[3] We affirm the District Court's Judgment.

---

[1] The bar code affixed to the Judgment bears the date December 17, 2012, but the Judgment is file-stamped December 18, 2012.

[2] The Honorable David W. Lo presided.

[3] HRS § 291E-61(a) provides in relevant part:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]

. . .

(3)  With .08 or more grams of alcohol per two hundred ten liters of breath[.]

I.

A police officer stopped the vehicle Parker was driving after observing Parker go through an intersection against a red light. The officer observed that Parker's eyes were red, watery, and glassy; that Parker's breath had a "pretty strong" odor of alcohol; and that Parker's speech was slurred to the point that the officer had difficulty understanding him. Parker performed poorly on the field sobriety tests administered by the officer, and Parker was placed under arrest for OVUII and taken to the police station.

At the police station, the officer read to Parker a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Parker agreed to take a breath test and refused a blood test. Parker's breath test showed that he had a breath alcohol concentration of .190 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit.

Parker testified at trial that he had consumed eight vodka mixed drinks at his friends house, but had drank only water for an hour and a half before leaving. He testified that he was pulled over by a police officer after leaving his friend's house. Parker stated that he was pulled over after driving through an intersection against a red light and attempting to turn into the parking lot of a Jack-In-The-Box restaurant on his way home. Parker admitted that he knew the light was red, but stated that he decided to proceed through the intersection to the Jack-In-The-Box because there was no traffic. After the defense rested, Parker orally moved to suppress the results of his breath test. The District Court denied Parker's motion to suppress.

II.

On appeal, Parker challenges the District Court's denial of his motion to suppress. Parker contends that the results of his breath test should have been suppressed because his consent to submit to the breath test was obtained (1) in

2

violation of his <u>Miranda</u> rights and (2) in violation of his statutory right to counsel under HRS § 803-9 (1993).[4/]

We recently rejected the same arguments in <u>State v. Won</u>, No. CAAP-12-0000858, --- Hawaiʻi ---, --- P.3d ---, 2014 WL 1270615 (Hawaiʻi App. Mar. 28, 2014) (as amended on May 2, 2014). Based on <u>Won</u>, we conclude that the District Court properly denied Parker's motion to suppress. In addition, Parker does not challenge his OVUII conviction under HRS § 291E-61(a)(1). Even without the results of Parker's breath test, there was compelling evidence to show that he violated HRS § 291E-61(a)(1). Parker's violation of HRS § 291E-61(a)(1) provides an independent basis for affirming his OVUII conviction and sentence.

III.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawaiʻi, May 30, 2014.

On the briefs:

James B. Lewis
(Law Offices of James B. Lewis)
for Defendant-Appellant.

Brandon H. Ito,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[4/] Plaintiff-Appellee State of Hawaiʻi argues the we lack jurisdiction over this appeal because Parker's notice of appeal was untimely. However, under similar circumstances, the Hawaiʻi Supreme Court has held that in the interests of justice, a criminal defendant may not be deprived of the right to his or her first appeal by the failure of the defendant's attorney to file a timely notice of appeal. <u>State v. Aplaca</u>, 96 Hawaiʻi 17, 23, 25 P.3d 792, 798 (2001). Accordingly, we consider Parker's appeal on the merits.